IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
09 SEP 29 PM 3: 02
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) CIVIL ACTION NO. |
| Plaintiff, | ) 1:09-cv-1222 WTL -TAB |
| v. | ) ) |
| ROCK CONCRETE CONSTRUCTION CORP. | ) COMPLAINT ) ) JURY TRIAL DEMAND ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Eric Bufkin who has been adversely affected by such practices. As alleged with greater particularity in paragraph seven below, the Commission alleges that Defendant stopped calling Bufkin for work as a concrete worker because he filed and refused to drop an EEOC charge against a former employer.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Rock Concrete Construction Corp. ("Rock Concrete") has continuously been doing business in the State of Indiana and the City of Indianapolis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Rock Concrete has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Eric Bufkin filed a charge with the Commission alleging a violation of Title VII by Defendant Rock Concrete. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2008, Defendant Employer has engaged in unlawful employment practices in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-(3)(a). The unlawful employment practices include:

   a) advising Bufkin that things "would be bad" for him unless he dropped an EEOC charge he filed against a former employer with whom Defendant employer's principals had a close relationship; and

   b) refusing to provide Bufkin with additional work after he declined to drop his EEOC charge.

8. The effect of the practices complained of in paragraph seven above has been to deprive Eric Bufkin, of equal employment opportunities, and otherwise adversely affect his status as an employee because he exercised his rights under Title VII of the Civil Rights Act of 1964.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice and with reckless indifference to the federally protected rights of Eric Bufkin.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on retaliation and any other employment practice which discriminates on the basis of having filed a charge with the Commission or otherwise invoking the protections of Title VII or assisting others in doing so.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals who have filed a charge with the Commission or who otherwise avail themselves of the protections of Title VII or assist others in doing so, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Eric Bufkin, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Eric Bukin, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including emotional pain, suffering, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial.

E. Order Defendant Employer to pay Eric Bufkin punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

F. Order Defendant Employer to provide Eric Bufkin with employment comparable to that provided to other concrete workers and at least at the same frequency as employment provided to Bufkin prior to Bufkin's EEOC charge filing.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

4

_____
NANCY DEAN EDMONDS
Senior Trial Attorney,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN  46204
(317) 226-7229
Fax: (317) 226-5571
nancy.edmonds@eeoc.gov